IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KANWALJIT SINGH HUNDAL,

    Petitioner,                           No. 2: 12-cv-0352 MCE KJN P

    vs.

J. TIM OCHOA, et al.,

    Respondents.                      FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that he is entitled to pre-sentence credits pursuant to California Penal Code § 4019.

        Pending before the court is respondent's motion to dismiss on grounds that petitioner fails to allege a violation of federal law. For the following reasons, respondent's motion should be granted.

        A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v.

Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be used to try state issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377 (1972).

The background to petitioner's claim is as follows.  In 2007, petitioner was convicted of violating California Penal Code § 288(a) and sentenced to 6 years imprisonment.  (Dkt. No. 1 at 1.)  Since 1976, California Penal Code § 4019 has offered prisoners in local custody the opportunity to earn "conduct credit" against their sentences for good behavior.  People v. Brown, 54 Cal.4th 314, 317 (June 18, 2012).  For eight months during 2010, a now-superseded version § 4019 that was enacted during a state fiscal emergency temporarily increased the rate at which local prisoners could earn conduct credits.  Id. at 317-18.  In the instant action, petitioner argues that he is entitled to conduct credits under the now-superseded version of § 4019.

On June 12, 2012, the California Supreme Court decided that the now-superseded version of § 4019 does not apply retroactively to prisoners who served time in local custody before January 25, 2010, i.e., the date the on which the now-superseded version of § 4019 became effective.  People v. Brown, 54 Cal.4th 314, 318 (June 12, 2012).  The California Supreme Court held that the now-superseded version of § 4019 applies prospectively to qualified prisoners in local custody on the statute's operative date.  Id.  Because petitioner was not in local custody on the statute's operative date, he is not entitled to credits pursuant to the now-superseded version of § 4019.

Petitioner's claim is based on an alleged violation of state law.  For this reason, respondent's motion to dismiss should be granted.  In any event, as discussed above, pursuant to the California Supreme Court's recent decision in People v. Brown, petitioner is not entitled to the credits sought under state law.[1]

---

[1] This court is bound to accept the California Supreme Court's finding that the now-superseded version of § 4019 does not apply retroactively unless that interpretation is "untenable or amounts to a subterfuge to avoid federal review of a constitutional violation."  See Oxborrow v. Eikenbery, 877 F.2d 1395 , 1399 (9th Cir. 1989).  The California Supreme Court's decision in

1    IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (Dkt. No. 9) be granted.

2    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 2, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hun352.mtd

---

<u>People v. Brown</u> is neither untenable nor a subterfuge to avoid federal review.